UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TINDALL CORPORATION AND<br>STARR SURPLUS LINES<br>INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 14-125 |
| PREPCON, INC. | SECTION "N" (5) |

**ORDER AND REASONS**

Presently before the Court is Liberty Mutual Insurance Company's ("Liberty") "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim" (Rec. Doc. 29). For the reasons stated herein, **IT IS ORDERED** that the motion is hereby **GRANTED**, and Prepcon's third-party claims are **DISMISSED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that Prepcon, Inc. ("Prepcon") shall have **twenty (20) days** from the date of this order to amend its pleadings as stated herein.

**A. Background**

Plaintiffs, Tindall Corporation ("Tindall") and Starr Surplus Lines Insurance Company ("Starr Surplus") instigated the instant action against Prepcon for breach of contract, breach of warranty, and negligence arising out of Tindall's subcontractor agreement with Prepcon. (Rec. Doc. 1). The contract covered various services, including hydro-demolition, to be performed by Prepcon on the Plaquemines Parish Detention Center construction project. (Rec. Doc. 23 at p. 2). Liberty

1

posted a performance and payment bond ("payment bond") on Tindall's behalf for the project. (Id.). Tindall alleges in its complaint that Prepcon failed to perform under the contract and refused to pay Prepcon for the services provided. (Rec. Doc. 1 at p. 5). Prepcon responded to Tindall's refusal by filing a lien against the project. (Rec. Doc. 29-1 at p. 2). As a result of the lien, Liberty issued a second bond, a lien bond, and had Prepcon's lien removed and cancelled. (Id.). Soon thereafter, Tindall and Starr Surplus filed their complaint (Rec. Doc. 1), and Prepcon answered and counterclaimed. (Rec. Doc. 6). Subsequently, Prepcon filed a third-party complaint against Liberty. (Rec. Doc. 23). Now before the Court is Liberty's Rule 12(b)(6) motion to dismiss Prepcon's third-party complaint. (Rec. Doc.29).

**B. Legal Principles**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Rather, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." United States ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 186 (5th Cir. 2009). In evaluating motions to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Iqbal, 556 U.S. at 678 ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Although a complaint does not need "detailed factual allegations,... more than labels and conclusions

2

are necessary, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." Campbell v. Wells Fargo Bank, N.A., 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159 (1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

**B. Application of the Legal Principles**

In its motion to dismiss, Liberty argues that Prepcon's third-party complaint (Rec. Doc. 23) fails because (1) Prepcon has improperly plead its claims against Liberty as third-party claims under Rule 14(a)(1) of the Federal Rules of Civil Procedure and (2) to the extent that Prepcon's claims against Liberty are premised on the payment bond, Prepcon has failed to state a claim under Rule 12(b)(6). (Rec. Doc. 29-1).

**1. Third-Party Complaint**

Liberty contends that, under Fed. R. Civ. P. 14(a)(1), Prepcon has improperly plead its claims against Liberty as third-party claims. (Rec. Doc. 29-1 at p. 3). Rule 14(a)(1) provides that a defending party may serve a nonparty who "is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14. Liberty argues that Prepcon has not asserted that Liberty is or may be liable derivatively for any claims asserted against Prepcon. (Rec. Doc. 29-1 at p. 4). Prepcon concedes that its designation of the claims against Liberty as third-party claims does not comply with Rule 14. (Rec. Doc. 40 at p. 3). However, Prepcon asks the Court to construe its claims as properly pleaded counterclaims. (Id. at p. 4).

To properly plead a counterclaim against an additional party, the counterclaimant must plead pursuant to Fed. R. Civ. P. 13, which allows for additional parties to be joined according to Fed. R. Civ. P. 19 and 20. Fed. R. Civ. P. 13(h). Prepcon concedes it has not done so. (Rec. Doc. 40 at p. 4). The Court is not aware of any rule that allows or requires the Court to convert improperly designated third-party complaints to properly plead counterclaims. Therefore, the Court dismisses Prepcon's improperly pleaded third-party complaint; however, the Court grants Prepcon leave to amend so that Prepcon may cure the pleading deficiencies, noted herein as well as in Liberty's motion, in order to conform to Rule13(h) in accordance with Rules 19 and 20 of the Federal Rules of Civil Procedure.

**2. Failure to State a Claim Against Payment Bond**

Alternatively, Liberty asserts that, to the extent that Prepcon's claims are based on the payment bond issued by Liberty on Tindall's behalf, Prepcon has failed to state a claim for which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Rec. Doc. 27-1).

Significantly, Prepcon does not address Liberty's allegation concerning the payment bond in its opposition. However, the Court notes, for substantially the same reasons described in Liberty's motion, that Prepcon has failed to allege any, much less minimally sufficient, facts to state a claim for relief under Fed. R. Civ. P. 8 with regard to the payment bond. Therefore, the Court dismisses Prepcon's claims to the extent that its claims pertain to Liberty's payment bond. If Prepcon wishes to cure its pleading to satisfy the requirements of Fed. R. Civ. P. 8, it should refer to the deficiencies listed in Liberty's motion for guidance. (Rec. Doc. 29-1 at p. 7 (noting the following as missing from the third-party complaint: "1. Whether the Payment Bond is governed by public statute or is a private contract. 2. Who is a covered claimant under the Payment Bond and whether, and if so, how Prepcon falls within the definition of a covered claimant. 3. What is required of Liberty. 4. Whether a notice or request was ever made by Prepcon to Liberty to perform any act or alleged duty under the Payment Bond. 5. Whether Liberty had a responsibility to act and failed to do so. 6. If Liberty failed to act, whether that failure constitutes a breach of a statute or the terms of the payment bond.")).

**C. Conclusion**

      Accordingly,

      **IT IS ORDERED** that Liberty's "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim" (Rec. Doc. 29) is **GRANTED** and Prepcon's third-party claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, if Prepcon wishes to proceed in the action against Liberty, Prepcon shall have **twenty (20) days** from entry of this Order in which to amend its pleading as set forth above.

New Orleans, Louisiana, this 14th day of October 2014.

**KURT D. ENGELHARDT**
**United States District Judge**